(173 App. Div. 227)

JULIE v. LOOMIS-MANNING FILTER DISTRIBUTING CO.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

MASTER AND SERVANT ⬤⇒80(4)—CONTRACT OF EMPLOYMENT—MODIFICATION—PLEADING.

In an action to recover a balance due upon salary, an amended answer setting up that a certain fire loss had caused the withdrawal of defendant's funds, and information to the employé that his salary could not be paid as theretofore, and that he might leave, and that if he remained his salary would not be paid in full until such fire loss was satisfied, but that defendant would pay what it was able to pay, and the employé's agreement to remain on those conditions, and that defendant had paid what it was able to pay, was improperly stricken out, as it set up a valid enforceable modification of the previous terms of the employment, barring the recovery of more than defendant was able to pay until the fire loss had been settled.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 113; Dec. Dig. ⬤⇒80(4).]

Appeal from Trial Term, New York County.

Action by Roy E. Julie against the Loomis-Manning Filter Distributing Company. From a judgment for plaintiff for $1,139.61, entered upon a verdict rendered by the jury under direction from the court, and from an order denying a motion to set aside the verdict

and for a new trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Oscar R. Houston, of New York City, for appellant.

Charles G. F. Wahle, of New York City, for respondent.

SMITH, J. The action is brought to recover a balance due upon salary from January 19, 1914, to the 1st day of August, 1914. There is no question that the salary for that period was $1,292.20, and that $350.10 has been paid, so that there remains unpaid of that salary $942.10. In the defendants' third amended defense in the amended answer it is stated that in December, 1913, a certain fire loss of a corporation to which the defendant was related had caused the withdrawal of funds from the defendant, and that the defendant informed the plaintiff's assignor at that time that the salary could not be paid as theretofore, that the plaintiff's assignor was at liberty to leave, and that if he remained it must be with the understanding that his salary would not be paid in full until such time as such fire loss was satisfied, and that in the meantime defendant would pay such part of such salary as from time to time defendant was able to pay. It is further alleged that the plaintiff's assignor agreed to remain upon these conditions, and that the fire loss had not been settled at the time of the commencement of this action, and the defendant had paid such part of plaintiff's salary as it was able to pay. This defense was stricken out upon plaintiff's motion over defendant's exception. The striking out of this defense, in our opinion, constituted error, as it pleaded a valid, enforceable modification of the previously existing terms of employment, and effectually barred the plaintiff's assignor from recovering any more of his accruing salary than the defendant was from time to time able to pay until the fire loss referred to was settled.

For this error the judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. Order filed. All concur.